[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO STRIKE #108
Practice Book 363A permits a plaintiff to file a written CT Page 1191 motion for default "[w]here a defendant is in default for failure to plead pursuant to 114 . . ." and, upon the filing of the motion, the clerk is authorized to act upon it. The section includes an automatic set-aside provision whereby the clerk shall automatically set aside the default if the defaulted party files an answer before the court renders judgment upon the default. Section 376 further provides that "[a] motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose."
In the instant action, there is no indication in the file that defendant has moved to reopen the default pursuant to Practice Book 376, accordingly, the court is precluded from ruling on defendant's motion to strike at this time. Neiman Marcus Group, Inc. v. Meehan, 5 CSCR 898 (September 19, 1991, Schaller, J.) (after default had entered, court refuses to entertain defendant's motion to strike because defendant had not moved to reopen the default pursuant to 376 "which would allow for the filing of a motion to strike").
SYLVESTER, J.